Doc# 1

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Judge Pauley

| | |
|---|---|
| EVAN BLUM, Plaintiff v. | 06 CV 3149 Civil Action No. |
| MILTON SALOMON, BETTY SALOMON DAVID SALOMON, DEBORAH SALOMON VICTOR ORSINGER Defendants | Verified Complaint JURY TRIAL DEMANDED |

Plaintiff, Evan Blum with his principal domicile residence and business at 216 East 125th Street, New York City, N.Y. and, by way of his Complaint against Defendants, Milton Salomon and Betty Salomon, and Victor Orsinger, and David Salomon and Debra Salomon individually and severally allege and says:

2006 APR 24 PM 4:31 S.D. OF N.Y. FILED

## PARTIES

1. Plaintiff, Evan Blum is a citizen of the State of New York.

2. Upon information and belief, defendants, Milton Salomon and Betty M. Salomon, and Victor Orsinger are citizens of the State of Rhode Island. Milton and Betty Salomon's address is: 6 Baldwin Court, Narragansett, Rhode Island 02882. Tel. (401) 783-8573.

3. Victor Orsinger's address is: 53 High St., Westerly, R.I. 02891-0558. Tel. (401) 596-2094

4. Upon information and belief, David Salomon is citizen of Massachusetts his address is: 58 Pleasant St., Cambridge, Mass. 02139. Tel. res. (617) 864-1859 and res. (617-492-2906)

5. Deborah Salomon is citizen of California. Her address is: 1537 Raegan Way, Santa Rosa, California 95405-4526. Tel. (707) 527-8557

## JURISDICTION AND VENUE

5. Upon information and belief, this action is civil in nature involving exclusive of interest and costs, a sum in excess of $75,000.00. Every issue of law and fact herein is

wholly between citizens of different states and the district court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1312.

6. The court has personal jurisdiction over the defendant and venue is proper pursuant to 28 U.S.C. §1391; and upon information and belief, in view of the defendants having solicited, and/or received a substantial amount of business and conducted the financial transaction with the plaintiff at its his principal place of business and domestic residence in New York.

## FACTUAL BACKGROUND

7. Upon information and belief, in late August 2005 defendant, Ms. Deborah Salomon of California on behalf of her parents: Mr. Milton Salomon of Rhode Island and Mrs. Betty Salomon of Rhode Island, wrote plaintiff, Mr. Evan Blum of New York, a letter stating that purchase of the property was for sale and warranted that the real property would be appraised by two appraisers prior to sale and would be equal to the said value.

8. Upon information and belief, on or about October 3, 2005, plaintiff who was pro se and defendants, represented by counsel, entered into a purchase and sale unilateral agreement, which is at issue ("the agreement") in which plaintiff agreed to purchase real property ("the property") owned by defendants located in the Town of Westerly, County of Washington, State of Rhode Island, for the price of $825.000.00, upon the terms and conditions set forth in the agreement. **See Exhibit A – Contract dated October 3, 2005**

9. Defendants have wrongfully refused to sell the property at the fair market appraisal. Defendants are fully aware that no lending institution will finance the property at the alleged appraisal value. Further Defendants have placed the plaintiff at an extreme disadvantage. It appears that they want to keep the deposit with no real intention of selling the property to plaintiff in a fair manner. The defendant, Mr. Orsinger stated that there would be no difficulty or problem in adjusting and/or making any adjustments in the event of any fatal flaws in the agreement at hand, and that in the event of a lower appraisal that was different than what had been represented, then the purchase price would be amended. It was with this assurance that plaintiff proceeded with the written agreement. Prior to entering into the agreement, plaintiff was assured that two independent appraisals had taken place in order to set a sale price. Further it was mutually agreed with defendants' agents, to wit their adult children, that plaintiff would purchase the property at a fair market value price as determined by the formal appraisals commissioned by defendants with licensed appraisers, one of whom had been recommended by their Defendants' bank. Defendants' agents, David and Deborah Salomon advised and represented to plaintiff personally and on more than one occasion that they had the property so appraised.

10. Furthermore, when the plaintiff asked the defendant, Mr. Orsinger, if there was any language or terms in the contract that he (the plaintiff) should know about or be detrimental, Mr. Orsinger reassured him: "There is nothing to worry about". Further, Plaintiff stated numerous times that he had reading disorders and problems comprehending text because he was dyslexic, Mr. Orsinger was asked by the plaintiff: "Do I need an Attorney?" The Mr. Orsinger consistently replied: "There is nothing to worry about" and that plaintiff did not need an attorney. Further he reiterated his previous statements that any problems would be worked out by making adjustments to the sale "because the Salomons were reasonable people"

11. In the spirit of accommodating the defendants timeframe Defendants employed undue influence by rushing plaintiff to execute the agreement without opportunity to perform due diligence, review of an attorney and forced reliance of misrepresentations for inducements.

12. When agreeing to the price of the property, defendants stated to plaintiff that the purchase price was $850,000.00 which was "slightly" above the appraisals. Defendant's attorney, Victor Orsinger, Esq., a state licensed attorney represented a point of trust and confidence, the plaintiff reasonably relied upon their representations and entered into the agreement described in the Sales Agreement. **See Exhibit A – Contract dated October 3, 2005**

13. Plaintiff was promised that that the sale price of the property at $850,000.00 was slightly above the property's fair market value as determined by formal appraisals. This constituted a misrepresentation of a material fact that predisposed and so acted to induce plaintiff into signing and executing the agreement, absent of attorney, with defendants and their attorney. Plaintiff, having known defendant sellers for 34 years, believed he could rely on their repeated assurances of a fair and reasonable transaction that could be readily amended if the appraisal did not match / in the close range of the stated price of $825,000.00. [Note that the price was reduced to $825,000 because there was no broker was involved]. Moreover, plaintiff had been informed that the elderly Mr. Salomon, who has a heart condition, needed to be vacated from the said property with great speed and did not want to impede the transaction, which could adversely affect the 92 years old man's health.

14. Based on all of the above statements of fact, plaintiff signed an agreement to purchase the property. In addition, plaintiff deposited in good faith the sum of $82,500.00 (representing 10% of the asserted value of the property) with the escrow agent of the defendant's attorney.

15. After and upon execution of the agreement but before the scheduled closing date of December 30, 2005, plaintiff further discovered that defendants in fact did not have the property appraised, as had been previously promised and agreed and relied upon by plaintiff.

16. Subsequently thereafter, the plaintiff started the normal process of obtaining financing. The lending bank had the property appraised by a licensed appraiser who fixed and determined the fair market value at $450,000.00, $375,000.00 less than what was materially represented. **See Exhibit B - Lending Bank Appraisal**

17. Due to the forgoing, defendants, Mr. and Mrs. Salomon, owners/sellers and defendant, Victor Orsinger, the licensed attorney, and defendant's personal agents, David and Deborah Salomon misrepresented and/or allowed a material fact misrepresentation to be given to the plaintiff in the course of the contract discussion, negotiation, and execution and that the plaintiff reasonably relied upon and that acted to deceitfully and fraudulently to induce plaintiff to sign and execute the contract agreement.

18. Upon discovery of the material misrepresentation of fact, plaintiff immediately sought a fair meeting of the minds with regard to the terms of the agreement of the fair market value based on the defendants' promise to resolve any issues with regard to the purchase. This was crucial given the large discrepancy of the value of the property; the lending bank's appraisal of the property versus the Defendant's alleged appraisal and value represented to plaintiff prior to the execution of the agreement. Despite their previous promise and assurances, Defendants unilaterally refused to renegotiate the terms of agreement based on the appraisal of the fair market value. Defendants were fully aware that in order to complete the sale the plaintiffs would have to secure financing and that any financing of the property in order to complete the sale would require the services of a mortgage bank lender. Financing would be based on the actual value of the property. Further, Defendants refused to renegotiate in good faith as they had promised if any issue arose. When told that no bank or financial institution would provide any financing of the property, Defendants also refused to release the plaintiff from the contract agreement, and have withheld the escrow monies of 10% based on the Defendants' asserted value of the property which the plaintiff deposited in good faith in the sum of $82,500.00 and placed with the escrow agent of the defendant's attorney.

19. To date, defendants have failed to provide the plaintiff with any appraisal as promised when negotiation commenced. That upon information and belief, Sellers' attorney violated standard ethical procedures that unduly prejudiced defendant's rights in that he prepared the proposed agreement for sale in a unilateral manner absent a <u>finance contingency</u>. To further complicate the issue on October 20, 2005, the Seller's attorney sent a cover letter accompanying a contract signed by Defendants. He requested in his letter an earlier closing date than the December 30, 2005 closing previously agreed to. He said: "Although closing is targeted for December 30, 2005, I would appreciate it if you could exercise your best efforts and close prior to that date. Obviously, if you have any time constraints or other difficulties with your

lender, please let me know so I will keep the Salomons informed of a realistic closing time table." **See Exhibit C: Letter: October 20, 2005, Victor Orsinger, Esq. to Evan Blum**

20. Plaintiff notified the Defendants that no closing was to occur on December 30, and subsequently no new closing date was formally agreed to by both parties to date. **See Exhibit C: Letter: October 20, 2005, Victor Orsinger, Esq. to Evan Blum**

That upon information and belief, Defendants knew that plaintiff was not represented by counsel relied upon defendant counsel's representations made by seller's attorney who prepared the agreement, that if there were any glitches (problems) defendants, sellers were "reasonable people". This is embodied by defendant's waiver to closing with no time of the essence clause paragraph 6 of the agreement at dispute:

**"CLOSING:**

The deed is to be delivered, and the consideration paid at Orsinger & Nardone, 53 High Street, Westerly, Rhode Island 02891, on or before December 30, 2005, at 10:00 AM, or **at such Date, Time and Location as maybe mutually agreed upon by the Parties."**

**"Agreement, dated and mutually executed 3rd day of October, 2005."**

**See Exhibit A – Contract dated October 3, 2005**

21. The Plaintiff is unable to secure financing based on the actual value of the property. Defendants are fully aware that no financial institution will finance the property given the false statement of the property value vs. the actual value of the property - yet they will not release the escrow deposit. Failure by defendants to immediately release plaintiff's good faith escrow deposit will and has resulted in a substantial loss and hardship to the plaintiff.

22. Thus in order to protect and allow equitable standing and status quo to remain, emergent relief from this Court directing defendants' to honor their obligations and present the appraisal as done contemporaneously with the agreement under the previously issued good faith escrow that acts as purchase order that defendants accepted. Therefore the defendant's appraisal is imperative and/or acceptance of plaintiff's appraisal as attached herein.
**See Exhibit B - Lending Bank Appraisal**

**COUNT ONE**

**(Preliminary Injunction Breach of Contract)**

23. Plaintiff repeats and realleges each and every allegation contained in each and every preceding paragraphs of the complaint and incorporates same as if fully set forth herein at length. By virtue of defendants' actions and defendant's Mr. and Mrs. Salomon and Mr. Orsinger's affirmative acceptance of the escrow monies, defendants became obligated to fulfill the obligation of the appraisals. Plaintiffs ask that defendants adjust accordingly insofar as the purchase price based on a mortgage bank loan based on fair market and equitable appraised value of property.

24. Defendant's refusal to appraise and later refusal to release the alleged appraisal and also release the escrow funds, and to sell at the fair market value as promised constitutes a violation of standard business practice. The default clause of contract constitutes an express and anticipatory breach of contract. As a direct consequence and the result of defendant's breach and misrepresentations, plaintiff has sustained and will sustain in the future substantial damage to both escrow funds and economic loss by deposits withheld and monies spent including but limited to legal fees and disbursements, loss of goodwill and other costs.

25. If the defendants are not fully restrained from keeping the plaintiff's good faith escrow deposit and/or breaching its obligations under the agreement and representations, Plaintiff will suffer irreparable harm and economic loss. Plaintiff demands the return of the deposit or a renegotiation as previously promised of the actual value of the property based on the current market value. Plaintiff will be irreparably harmed and therefore will have no adequate remedy at law. Plaintiff demands judgment against Defendants: Milton Salomon and Betty Salomon; Victor Orsinger; David Salomon and Deborah Salomon as follows:

A. Plaintiff requests a preliminary and permanent injunction enjoining and requiring Defendants to immediately return the good faith escrow deposit of $82,500.00 or to alternatively establish a purchase price based on the actual value of the property as determined by an objective third party licensed appraisal.

B. Preliminary and permanently enjoining any sale of the property to any other party and requiring Defendants to carry out and complete the appraisal of the said property as previously represented and subject to an independent third party appraisal which will be presented to the Court or a special master appointed by the Court; and thereafter requiring Defendant to continue to sell the property under contract to the plaintiff based on a mutually agreed date and until such time as the agreement is satisfied.

C. Awarding compensatory and consequential damages.

D. Awarding punitive damages

E. Awarding costs of suit, and

F. Granting such other and further relief as the Court may deem just and proper.

**COUNT TWO**
**(Specific Performance)**

26. Plaintiff repeats and realleges each and every allegation contained in each and every preceding paragraphs and incorporates as if fully set forth herein.

27. Defendant is required, pursuant to the provisions of the agreement as originally deposited with plaintiff's escrow monies to do the appraisal which will represent the property's fair market value by a third party agreed to and appointed by the court.

28. Plaintiff will suffer irreparable harm and will have no fair and adequate remedy at law if defendant refuses to sell property based on a fair market appraisal. under the escrow monies deposited with the agreement based on the conditions terms and waivers in this complaint.

29. Plaintiff is entitled to specific performance under the terms of the agreement based on the escrow monies deposited in good faith.

WHEREFORE Plaintiff demands judgment against Defendants:

A. Issuing a decree of specific performance and injunction directing Defendants to immediately return the good faith escrow deposit of $82,500.00 or alternatively to establish a purchase price based on the actual value of the property as determined by an objective third party licensed appraisal.

B. Preliminary and permanently enjoining any sale of the property to any other party and requiring Defendants to carry out and complete the appraisal of the said property as previously represented and subject to an independent third party appraisal which will be presented to the Court or a special master appointed by the Court; and thereafter requiring Defendant to continue to sell the property under contract to the plaintiff based on a mutually agreed date and until such time as the agreement is satisfied.

C. Awarding compensatory and consequential damages.

D. Awarding punitive damages

E. Awarding costs of suit, and

F. Granting such other and further relief as the Court may deem just and proper.

**COUNT THREE**
**(Breach of Duty of Good Faith and Fair Dealing)**

30. Plaintiff repeats and realleges each and every allegation contained in each and every preceding Paragraph and incorporates same as if fully set forth herein at length.

31. The plaintiff's good faith escrow monies of $82,500.00 represent between Plaintiff and Defendants: Milton and Betty Salomon, sellers, and Victor Orsinger, escrow officer, had an implied covenant of good faith and fair dealing to be completed with the fair market appraisal value that allows the property to be financed.

32. By virtue of all facts previously stated and the aforementioned conduct, Defendants have breached the implied covenant of good faith and fair dealing with Plaintiff.

33. Defendants owe a duty of good faith and fair dealing to Plaintiff, not to deprive Plaintiff of the expected benefits of their bargain and contractual rights based upon the appraisal by a third party submitted to the special master and/or the court.

34. Defendants' refusal to allow the contemporary appraisal as agreed and subsequent refusal to adjust purchase price accordingly as promised and subsequently to withhold the escrow monies and to place the property for sale to other parties constitutes a violation of good faith and fair dealing towards plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants: Milton Salomon and Betty Salomon; Victor Orsinger; David Salomon and Deborah Salomon as follows:

A. Plaintiff requests a preliminary and permanent injunction enjoining and requiring Defendants to immediately return the good faith escrow deposit of $82,500.00 or to alternatively establish a purchase price based on the actual value of the property as determined by an objective third party licensed appraisal.

B. Preliminary and permanently enjoining any sale of the property to any other party and requiring Defendants to carry out and complete the appraisal of the said property as previously represented and subject to an independent third party appraisal which will be presented to the Court or a special master appointed by the Court; and thereafter requiring defendant to continue to sell the property under contract on a mutually agreed date and until such time as the agreement is satisfied.

C. Awarding compensatory and consequential damages.

D. Awarding punitive damages.

E. Awarding fees and costs of suit and

F. Granting such other and further relief as the Court may deem just and proper.

**COUNT FOUR**

**(Tortuous Interference)**

35. Plaintiff repeats and realleges each and every allegation contained in each and every preceding Paragraphs of the Complaint.

36. Plaintiff has a reasonable expectation of an economic transaction that is fair and honest with customary business practice as represented by defendants with no construed and concealed disadvantage.

37. Defendants' actions were purposely deceptive as previously stated and were taken intentionally without justification, and with the knowledge and expectation that plaintiff's rights and expectations would be adversely affected unilaterally by defendants.

38. By virtue of the forgoing, Defendant has tortuously interfered with Plaintiffs purchase of real estate and the economic advantage of $82,500.00 escrow monies deposited in good faith.

WHEREFORE, Plaintiff demands judgment against Defendants: Milton Salomon and Betty Salomon; Victor Orsinger; David Salomon and Deborah Salomon as follows:

A. Plaintiff requests a preliminary and permanent injunction enjoining and requiring Defendants to immediately return the good faith escrow deposit of $82,500.00 or to alternatively establish a purchase price based on the actual value of the property as determined by an objective third party licensed appraisal.
B. Preliminary and permanently enjoining any sale of the property to any other party and requiring Defendants to carry out and complete the appraisal of the said property as previously represented and subject to an independent third party appraisal which will be presented to the Court or a special master appointed by the Court; and thereafter requiring defendant to continue to sell the property under contract on a mutually agreed date and until such time as the agreement is satisfied.
C. Awarding compensatory and consequential damages.
D. Awarding punitive damages.
E. Awarding fees and costs of suit and
F. Granting such other and further relief as the Court may deem just and proper.

**<u>COUNT FIVE</u>**
**(Punitive Damages)**

39. Plaintiff repeats and realleges each and every allegation contained in each of the preceding Paragraphs of the Complaint and incorporates same as if fully set forth herein at length.

40. Defendants have wrongfully refused to sell the property at the fair market appraisal. Defendants are fully aware that no lending institution will finance the property at the alleged appraisal value. Further Defendants have placed the plaintiff at an extreme disadvantage. It appears that they want to keep the

deposit with no real intention of selling the property to plaintiff in a fair manner. The defendant, Mr. Orsinger stated that there would be no difficulty or problem in adjusting and/or making any adjustments in the event of any fatal flaws in the agreement at hand, and that in the event of a lower appraisal that was different than what had been represented, then the purchase price would be amended. It was with this assurance that plaintiff proceeded with the written agreement. Prior to entering into the agreement, plaintiff was assured that two independent appraisals had taken place in order to set a sale price. Further it was mutually agreed with defendants' agents, to wit their adult children, that plaintiff would purchase the property at a fair market value price as determined by the formal appraisals commissioned by defendants with licensed appraisers, one of whom had been recommended by their Defendants' bank. Defendants' agents, David and Deborah Salomon advised and represented to plaintiff personally and on more than one occasion that they had the property so appraised.

41. Defendant's actions were willful, intentional, and malicious and were taken with intention to cause injury to Plaintiff, or with reckless disregard of the injury that would be caused to Plaintiff.

42. As such, Plaintiff is entitled to an award of punitive damages against Defendant.

WHEREFORE, Plaintiff demands judgment against Defendants: Milton Salomon and Betty Salomon; Victor Orsinger; David Salomon and Deborah Salomon as follows:

A. Plaintiff requests a preliminary and permanent injunction enjoining and requiring Defendants to immediately return the good faith escrow deposit of $82,500.00 or to alternatively establish a purchase price based on the actual value of the property as determined by an objective third party licensed appraisal.

B. Preliminary and permanently enjoining any sale of the property to any other party and requiring Defendants to carry out and complete the appraisal of the said property as previously represented and subject to an independent third party appraisal which will be presented to the Court or a special master appointed by the Court; and thereafter requiring defendant to continue to sell the property under contract on a mutually agreed date and until such time as the agreement is satisfied.

C. Awarding compensatory and consequential damages.

D. Awarding punitive damages.

E. Awarding fees and costs of suit and

F. Granting such other and further relief as the Court may deem just and proper.

Evan Blum
Plaintiff PRO SE

Commission Expires ... 11, 2009

4/24/06

Dated April 24th, 2006

**JURY DEMAND**

The Plaintiff hereby demands a trial by jury on all issues so triable herein.

**CERTIFICATION**

Pursuant to local law the undersigned certifies and declares that he has read and knows the matters to be true and correct upon personal knowledge and upon information and belief believes accordingly

Further certifies that the matter is not subject of any other action pending in any other court. Moreover I am aware of no other party who should be joined in the within action.

Evan Blum
Plaintiff PRO SE

State of New York
Sept. 11, 2009

4/24/06