# SALES AGREEMENT

AGREEMENT made this 3rd day of October, 2005 by and between MILTON SALOMON and BETTY M. SALOMON, husband and wife, both of Bradford, Rhode Island, hereinafter called the "Sellers" and EVAN BLUM, of New York, New York, hereinafter called the "Buyer".

1. **DESCRIPTION OF PREMISES:**

The Sellers hereby agree to sell and the Buyer to purchase certain real property presently identified as Lot 34A on Assessor's Plat 6 and located at 222 Alton-Bradford Road in the Town of Hopkinton, County of Washington, and State of Rhode Island, under the terms and subject to the conditions hereinafter set forth, such real property being described in greater detail in Exhibit A attached hereto and made a part hereof, and subject to the restrictions set forth in said Exhibit A, if any.

2. **SALE PRICE AND DEPOSIT:**

Said real property is to be conveyed and granted by a good and sufficient Warranty Deed of the Sellers conveying and granting to the Buyer or his nominee a good and clear and marketable title to the same, free from all encumbrances, except any condition, restriction or reservation set forth in Exhibit A, and for such Deed and conveyance, the Buyer is to pay the Sellers the sum of EIGHT HUNDRED TWENTY-FIVE THOUSAND ($825,000.00) DOLLARS, of which said sum, EIGHTY-TWO THOUSAND FIVE HUNDRED ($82,500.00) DOLLARS is tendered herewith, and the balance thereof shall be payable at Closing upon delivery of said Deed, in cash, Cashier's Check or Certified Check.

3. **TAX APPORTIONMENT, ETC:**

Real property taxes, including Fire District Taxes, assessed as of the last assessment date shall be apportioned as of the date of delivery of the Deed and payment of the consideration. Rents, Common Charges, Sewer and Water Use Charges and/or assessments, shall be apportioned as of the date of delivery of the Deed and payment of the consideration.

4. **POSSESSION:**

Full possession of said property, free from all tenants, is to be delivered by the Sellers to the Buyer on the date of Closing, the said real estate to be then in the same condition in which it is now, ordinary wear and tear excepted.



"EXHIBIT A"

5. **PERSONAL PROPERTY:**

The Sellers hereby agree to transfer and convey unto the Buyer the personal property permanently affixed to the premises.

6. **CLOSING:**

The Deed is to be delivered, and the consideration paid, at Orsinger & Nardone, 53 High Street, Westerly, Rhode Island 02891, on or before December 30, 2005 at 10:00 a.m., or at such date, time and location as may be mutually agreed upon by the Parties.

7. **TITLE:**

The Sellers shall furnish marketable title and shall convey the property free from all encumbrances, except those encumbrances, restrictions, conditions, which appear of record and which do not render said title unmarketable, and except such conditions and restrictions as set forth in Exhibit A attached hereto and incorporated herein. In the event that Buyer's title examination reveals that said title to the premises is not good and marketable, Buyer shall, prior to the time set for the Closing, notify Sellers, in writing, of his objections to the title. In the event of such title objections, the Sellers shall have a reasonable time within which to cure them. In the event Sellers are unable to furnish marketable title within a reasonable period of time, the Buyer may either rescind this Agreement and receive back the deposit without interest, or may accept such title as the Sellers are able to convey without reduction of the selling price, and the acceptance of a Deed shall be deemed to be a full performance and discharge hereof. The term "good and marketable title" shall be determined with reference to the standards of title of the Rhode Island Bar Association.

8. **BUYER'S OR SELLERS' DEFAULT:**

If the Buyer shall fail to make payment as herein agreed, the Sellers shall have the right to retain the deposit, such right to be without prejudice to the right of the Sellers to require specific performance or the payment of other or further damages, or to pursue any remedy, legal or equitable, which shall accrue by reason of such default. On default of the Sellers, the Buyer may reclaim any monies paid hereunder as a deposit, such right to be without prejudice to the right of the Buyer to require specific performance or the payment of other damages, or to pursue any remedy, legal or equitable, which shall accrue by reason of such default.

9. **CONDITION OF PREMISES:**

The Buyer agrees that if any, said Buyer has examined the premises and is fully satisfied with the physical condition thereof and that neither the Sellers, nor any representative of the Sellers, have made any representation upon which the Buyer relies, with respect to the condition of the property covered by this Agreement, except as expressly set forth in this Agreement.

10. **REAL ESTATE BROKER RELATIONSHIPS AND COMMISSION:**

Both Sellers and Buyer acknowledge that no real estate broker is involved in this transaction.

11. **INSURANCE:**

Sellers shall keep the premises insured against fire, and other contingencies with a standard fire insurance policy as presently covered, and in the event of damage by fire or other casualties, the Buyer shall have the option to elect between recision of this Agreement or to accept the insurance proceeds and to take the premises in their damaged condition.

12. **WETLANDS DISCLOSURE:**

Pursuant to Chapter 175 of the Public Laws of Rhode Island 1983 (Section 2-1-26), the Seller hereby discloses that all or a part of the premises may have previously been determined by the Rhode Island Department of Environmental Management to be coastal wetland, bog, fresh water wetland, pond, marsh, river bank, or swamp, as these terms are defined in Chapter 1 of Title 2 of the Rhode Island General Laws.

13. **COMPLIANCE:**

Buyers of real estate in the State of Rhode Island are legally obligated to comply with all local real estate ordinances; including but not limited to ordinances on the number of unrelated persons who may legally reside in a dwelling, as well as ordinances on the number of dwelling units permitted under the local zoning ordinances.

Radon has been determined to exist in the State of Rhode Island. Testing for the presence of Radon in residential real estate prior to purchase is advisable.

14. **SMOKE DETECTORS:**

Rhode Island Law requires that all existing one, two, and three family dwellings, and all existing condominium units in buildings with less than eight units, shall, at the responsibility

of the Sellers, before title to the property is conveyed as the result of a sale, be equipped with an approved smoke detection system. A Smoke Detector Certificate must be obtained by the Seller within sixty (60) days prior to the Closing date.

15. **LEAD DISCLOSURE**:

Every Buyer of residential real estate built prior to 1978 is hereby notified that such properties may have lead exposures that may place young children at risk of developing lead poisoning. Lead poisoning in young children may produce permanent neurological damage, including learning disabilities, reduce I.Q., behavioral problems, and impair memory. The Sellers of such property is required to provide the Buyer with a copy of Lead Inspection Reports in the Seller's possession and notify the Buyer of any known lead poisoning problem. Environmental lead inspection is recommended prior to purchase.

16. **BINDING EFFECT**:

The within Agreement is binding upon the heirs, executors, administrators, successors and assigns of the Parties hereto.

17. **NOTICES**:

Any Notices in writing required to be given to the Seller shall be hand-delivered or sent by regular mail, postage prepaid, to the following address:

Milton Salomon
Betty M. Salomon
222 Alton Bradford Road
Bradford, RI 02808

With a copy to:

Victor J. Orsinger, Esq.
53 High Street - PO Box 558
Westerly, RI 02891

Any Notices in writing required to be given to the Buyer shall be hand-delivered or sent by regular mail, postage prepaid, to the following address:

Evan Blum
216 East 125th Street
New York, NY 10035

IN WITNESS WHEREOF, the Parties hereto have hereunto and to another instrument of like tenor, set their hands and seals this 3rd day of October, 2005.

BUYER:

Evan Blum

SELLERS:

Milton Salomon

Betty M. Salomon

EXHIBIT A

A certain tract or parcel of land with all buildings and improvements thereon situated near the Village of Burdickville, so-called, in the Town of Hopkinton, County of Washington and State of Rhode Island, and bounded and described as follows, to wit:

Beginning at the southeast corner of these premises at a point where a stone wall meets the Pawcatuck River at the northeast corner of land now or formerly of Rea Gentl; thence proceeding in a straight line along said stone wall in a general northwesterly direction along said Gentl land and continuing in the same straight line to the Bradford Alton Road said point being the southwesterly corner of these premises and the northwesterly corner of said Gentl land; thence turning and proceeding in a northerly direction along said Bradford-Alton Road a distance of 700 feet, more or less, to a bound set in the ground at the northwest corner of these premises said point being in a line 700 feet north of said stone wall and parallel to it where it meets the Bradford-Alton Road; thence turning and proceeding in a line 700 feet distant northerly from and parallel with said first mentioned line in a general southeasterly direction to a second stream and along this stream to the Pawcatuck River bounded northerly by land now or formerly of Anthony Armao; thence turning and proceeding along said River to the starting point at the stone wall; the land is bounded on the north by land now or formerly of Anthony Armao, on the east by the Pawcatuck River, on the south by land now or formerly of Rea Gentl and on the west by the Bradford-Alton Road; said parcel of land containing by estimate twenty (20) acres, more or less, together with all riparian rights appurtenant thereto.

Subject to easements and restrictions that appear of record.