UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EVAN BLUM | : | |
| | : | C.A. No. 07-009 T |
| vs. | :. | |
| | : | DEFENDANTS HEREBY CLAIM |
| MILTON SALOMON, et al. | : | A TRIAL BY JURY |

ANSWER

Now come the Defendants Betty Salomon, David Salomon and Deborah Salomon to state their Answer to Plaintiff's Complaint as follows:

1. Defendants admit the allegations in paragraph 1.

2. Defendants admit that Betty M. Salomon and Victor Orsinger are citizens of the State of Rhode Island, as alleged in paragraph 2, and state further that Mrs. Salomon's address is correctly pleaded. Defendants state further that Milton Salomon passed away after commencement of this action.

3. Defendants admit the allegations in paragraph 3.

4. Defendants admit the allegations in paragraph 4.

5. Defendants admit the allegations in paragraph 5.

6. Defendants admit the allegations in the second paragraph labeled as paragraph 5.

7. Defendants deny that the statute cited in paragraph 6 has any application to this matter.

8. Defendants deny the allegations in paragraph 7.

9. As to the allegations in paragraph 8, Defendants admit the authenticity of Exhibit A. Defendants state further that the contracting parties were the Plaintiff and Milton and Betty Salomon and that contract involved the sale of property owned by Milton and Betty Salomon in Hopkinton, Rhode Island (rather than Westerly, Rhode Island, as alleged) for the sum of $825,000.00. Deborah Salomon, David Salomon and Victor Orsinger were not parties to the contract. Milton and Betty Salomon were represented by counsel (namely, Mr. Orsinger). Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff was represented by counsel.

10. Defendants admit only that David Salomon acknowledged at least once that the property in question had been appraised, as alleged in paragraph 9. Defendants deny each and every other allegation in paragraph 9.

11. Defendants deny each and every allegation in paragraph 10.

12. Defendants deny the allegations in paragraph 11 and state further that Plaintiff had ample time to have the agreement reviewed by counsel if he so elected.

13. Defendants deny the allegations in paragraph 12.

14. As for the allegations in paragraph 13, Defendants lack knowledge or information sufficient to form a belief as to allegations pertaining to Plaintiff's state of mind. Defendants deny all remaining allegations therein.

15. As for the allegation in paragraph 14, Defendants admit that Plaintiff tendered a deposit of $82,500.00 but deny all remaining allegations therein.

16. Defendants deny the allegations in paragraph 15.

17. As for the allegations in paragraph 16, Defendants only admit Plaintiff advised that he secured an appraisal of the property in form as set forth within Exhibit B. Defendants have no independent knowledge as to whether this appraisal is authentic. Defendants deny all other allegations contained in paragraph 16.

18. Defendants deny the allegations in paragraph 17.

19. Defendants admit that Betty and Milton Salomon have refused to release Plaintiff's deposit, as alleged in paragraph 18, but only because Plaintiff is in breach of contract. Defendants deny all other allegations in paragraph 18. Defendants state further that Plaintiff endeavored to renege on his obligations under the purchase and sale agreement.

20. As for the allegations in paragraph 19, Defendants admit only that Orsinger wrote to Plaintiff as set forth within Exhibit C. Defendants deny all other allegations in paragraph 19.

21. As for the allegations in paragraph 20, Defendants admit only that Plaintiff failed to close, as agreed. Defendants deny all other allegations in paragraph 20.

22. Defendants deny each and every allegation in paragraph 21. Defendants state further that the agreement did not contain a financing contingency.

23. Defendants deny all allegations in paragraph 22 to the extent they are factual assertions. Defendants likewise deny any legal implications pleaded therein.

24. Defendants incorporate paragraphs 1 through 23 of this Answer in response to the first sentence in paragraph 23. Defendants deny all other allegations in paragraph 23.

25. Defendants deny each and every allegation in paragraph 24.

26. Defendants deny each and every allegation in paragraph 25.

27. Defendants incorporate paragraphs 1 through 26 of this Answer in response to the allegations in paragraph 26.

28. Defendants deny the allegations in paragraph 27.

29. Defendants deny the allegations in paragraph 28.

30. Defendants deny the allegations in paragraph 29.

31. Defendants incorporate paragraphs 1 through 30 of this Answer in response to the allegations in paragraph 30.

32. Defendants deny the allegations in paragraph 31.

33. Defendants deny the allegations in paragraph 32.

34. Defendants deny the allegations in paragraph 33.

35. Defendants deny the allegation in paragraph 34.

36. Defendants incorporate paragraphs 1 through 35 of this Answer in response to the allegations in paragraph 35.

37. Defendants deny the allegations in paragraph 36.

38. Defendants deny the allegations in paragraph 37.

39. Defendants deny the allegations in paragraph 38.

First Affirmative Defense

7. Plaintiff's claims for breach of contract and specific performance (as set forth within Counts I and II) are barred by the statute of frauds (R.I.G.L.§ 9-1-4) for want of a writing.

Second Affirmative Defense

Defendants, and particularly, Betty Salomon, cannot be said to tortuously interfere with a contract involving property owned by the Salomon family. Even if it were otherwise, they have a qualified privileged.

Third Affirmative Defense

A breach of good faith and fair dealing does not give rise to an independent cause of action.

Fourth Affirmative Defense

Plaintiff's suit is ultimately grounded in breach of contract and, as such, he is not entitled to punitive damages.

Wherefore, Defendants pray that this Honorable Court dismiss Plaintiff's Complaint and award to them costs together with a reasonable attorney's fee, pursuant to either statute or common law.

Defendants,
By their Attorney,

/s/Barry J. Kusinitz

Barry J. Kusinitz, Esq. (#1404)
155 South Main Street, Suite 405
Providence, RI 02903
Tel: 401.831.4200
Fax: 401.831.7053
E-Mail: bkusinitz@bdglawyers.com

DATED: January 9, 2007

Certificate of Service

I hereby certify that I mailed a copy of the above by regular mail, postage prepaid to Mr. Evan Blum, 216 East 125th Street, New York, NY 10036, who is a pro se litigant and also a non registered participant in the Electronic Filing System, on this 9th day of January, 2007.

/s/ Barry J. Kusinitz