JFP:pac 6731/59 \pleading\673159MDismiss.wpd

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EVAN BLUM | : | |
| | : | |
| VS. | : | C. A. NO. 07-009 T |
| | : | |
| MILTON SALOMON, ET AL | : | |

**DEFENDANT ORSINGER'S MOTION TO DISMISS PURSUANT TO RULE 8**

Now comes the defendant, Victor Orsinger, and moves to dismiss the plaintiff's complaint on the grounds that it fails to comply with the provisions of Rule 8 of the Federal Rules of Civil Procedure.

In support of said motion, the defendant has attached a memorandum of law.

DEFENDANT, Victor Orsinger
By his Attorney,

/s/ Joseph F. Penza, Jr.
Joseph F. Penza, Jr., Esq. #0607
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I hereby certify that I mailed a copy of the above by regular mail, postage prepaid, to Mr. Evan Blum, 216 East 125th Street, New York, NY 10036, who is a pro se litigant and also a non-registered participant in the Electronic Filing System, on this 15th day of January, 2007.

/s/ Joseph F. Penza, Jr.

JFP:pac 6731/59 \pleading\673159MemoLaw.wpd

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EVAN BLUM | : | |
| | : | |
| VS. | : | C. A. NO. 07-009 T |
| | : | |
| MILTON SALOMON, ET AL | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ORSINGER'S MOTION TO DISMISS PURSUANT TO RULE 8**

## I. THE MOTION

This is the defendant, Victor Orsinger's, motion to dismiss the plaintiff's complaint for his failure to comply with the provisions of Rule 8 of the Federal Rules of Civil Procedure.

Rule 8(a) states in pertinent part as follows:

> A pleading which sets forth a claim for relief…shall contain…(2) a short and plain statement of the claim showing that the pleader is entitled to relief.…

Rule 8(e) provides in pertinent part as follows:

> (1) Each averment of a pleading shall be simple, concise and direct.…

## II. BACKGROUND

The plaintiff is Evan Blum ("Blum") who is representing himself in this matter.

The defendants are Milton Salomon and his wife, Betty Salomon. Their son and daughter (David Salomon and Deborah Salomon) are also named defendants. Victor Orsinger ("Orsinger"), Milton and Betty's attorney, is the final defendant.

This action was commenced by Blum in the United States District Court for the Southern District of New York (Civil Action No. 06 CV 3149). On December 26, 2006, Judge Pauley entered

a memorandum and order directing that the case be transferred to the District of Rhode Island pursuant to 28 U.S.C. §1404(a).

The clerk's office in Rhode Island received the file on January 10, 2007.[1]

Blum has instituted this action alleging breach of contract, breach of duty of good faith and fair dealing, and tortious interference with a contract. He has alleged that the defendants used false appraisals to inflate the purchase price of a residential piece of property that he agreed to purchase.

## III. ARGUMENT

An examination of the plaintiff's complaint in this case reveals that neither Rule 8(a)(2) nor 8(e)(1) nor the spirit of those rules were followed by the plaintiff in preparing the complaint. While counsel recognizes that allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers (*Haines v. Kerner*, 404 U.S. 519 (1972)), the manner in which plaintiff has set forth his allegations (particularly in the "Factual Background" portion of the complaint) makes it virtually impossible for the defendant Orsinger to file a meaningful reply (see *United States v. National Treasury Employee's Union*, 86 F.R.D. 496 (1980)).

For example, throughout the plaintiff's complaint, he continuously makes allegations against the "defendant**s**" without distinguishing which of the defendants he is referring to.[2] More significant than failing to identify the specific defendants, is the problem that many of the averments in the complaint are not "simple, concise, and direct." Using paragraph #9 again as an example, there are at least eight separate allegations contained in that one paragraph. Similarly, paragraphs 10 (four allegations), 13 (five allegations), 18 (seven allegations), 19 (six allegations), 21, 23, and 24 (all

---

[1] It should be noted that Milton and Betty Salomon have a case pending in this court against Blum seeking, *inter alia*, damages for breach of contract (see C.A. No. 06-289 T). That case centers around a dispute involving the same parcel of real estate that is the subject matter of this case.

[2] See for example the first sentence in paragraph #9 where the plaintiff alleges "Defendants have wrongfully refused to sell the property at the fair market appraisal." Since only the defendants, Milton and Betty Salomon, had title to the property in question, it is reasonable to infer that that allegation is directed to them and them alone. However, in the third sentence of paragraph #9, plaintiff alleges that the "Defendants have placed the plaintiff at an extreme disadvantage." Which of the defendants is plaintiff referring to?

containing three allegations), and 40 (eight allegations) are all set forth in such a way that it makes it nearly impossible for the defendant Orsinger to make a meaningful reply to the plaintiff's allegations.

As opposed to the allegations being short, plain and concise as required by Rule 8(e)(1), many of the plaintiff's allegations are a rambling narrative containing editorial comments (e.g. "it appears they want to keep the deposit with no real intention of selling the property to plaintiff in a fair manner.")

In *Ausherman v. Stump*, 643 F.2d 715 (10th Cir. 1981), the trial court had dismissed a patent infringement claim on the basis that there was no federal jurisdiction. In reviewing the trial court's decision, the circuit court of appeals took pains to point out, before agreeing with the trial court that there was indeed no federal court jurisdiction, that the plaintiff's amended complaint violated Fed. R. Civ. P. 8(a). See also *Renshaw v. Renshaw*, 153 F.2d 310 (District of Columbia Cir. 1946) (trial court's dismissal because averments and complaint were not simple, concise and direct upheld by appellate court); *Blake v. DeVilbiss Co.*, 118 F.2d 346 (6th Cir. 1941) (dismissal of action not an abuse of discretion where the third amended complaint did not comply with Rule 8(e)(1)); *Gutmann & Co. v. Rohrer Knitting Mills*, 86 F.Supp.506 (E.D. Pa. 1949) (amended complaint constituted a violation of Rule 8 where it was prolix and replete with vague, immaterial and evidential allegations).

In *Buckley v. Altheimer*, 2 FRD 285 (N.D. Ill. 1942), the court set forth a typical example of a pleading in a complaint. It is repeated herein to show what is <u>not</u> a simple and concise averment.

> Altheimer was a very smart man when he executed the contract of November 20, 1928 alleged in paragraph 75 hereof, he had thoroughly investigated the business of Tularosa Tie & Lumber Company and Sacramento Tie Company and he was confident that said contract so executed by him was a good deal for him and that he would make a lot of money from it; but he now claims that he was a sucker in advancing the money because, following the economic depression commencing late in 1929, the subsequent operations of Tularosa Tie & Lumber Company were not as successful as contemplated.

*Id.* at 286.

The court in analyzing that allegation stated as follows:

> By no stretch of the imagination can this pleading be said to be 'simple, concise and direct' as required by Rule 8(e)(1), nor is it a 'short and plain statement of the claim' as required by Rule 8(a)(2).

*Id.*

If the above-quoted allegation in *Buckley* was deemed to be a violation of Rule 8, then many of the allegations set forth in the plaintiff's complaint in this case certainly do not pass the "simple, concise, and direct" test.

## IV. CONCLUSION

For the foregoing reasons, the defendant Orsinger requests that this court dismiss the plaintiff's complaint as it presently stands and direct the plaintiff to file an amended complaint in conformity with Rule 8 of the Federal Rules of Civil Procedure.

Respectfully submitted,
DEFENDANT, Victor Orsinger
By his Attorney,

/s/ Joseph F. Penza, Jr.
Joseph F. Penza, Jr., Esq. #0607
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

## CERTIFICATION

I hereby certify that I mailed a copy of the above by regular mail, postage prepaid, to Mr. Evan Blum, 216 East 125th Street, New York, NY 10036, who is a pro se litigant and also a non-registered participant in the Electronic Filing System, on this 15th day of January, 2007.

/s/ Joseph F. Penza, Jr.