UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EVAN BLUM | : | |
| | : | C.A. No. 07-009 T |
| vs. | :. | |
| | : | **DEFENDANTS HEREBY CLAIM** |
| MILTON SALOMON, et al. | : | **A TRIAL BY JURY** |

**ANSWER TO AMENDED COMPLAINT**

Now come the Defendants Betty Salomon, David Salomon and Deborah Salomon to state their Answer to Plaintiff's Complaint as follows:

1. Defendants admit the allegations in paragraph 1.

2. Defendants admit the allegations in paragraph 2.

3. As for the allegations in paragraph 3, Defendants admit that Milton Salomon is deceased and that Betty Salomon is his widow; however, there are no probate proceedings presently pending.

4. Defendants admit the allegations in paragraph 4.

5. Defendants admit the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

9. As for the allegations in paragraph 9, Defendants admit that Betty Salomon presently owns this property by dint of survivorship.

10. Defendants admit the allegations in paragraph 10.

11. Defendants deny the allegations in paragraph 11. The Salomons were acquainted with Blum; they were not friends.

12. Defendants admit the allegations in paragraph 12.

13. Defendants admit that a discussion took place as suggested within the allegations in paragraph 13 but lack knowledge or information as to its timing..

14. Defendants admit the allegations in paragraph 14.

15. Defendants admit allegations in paragraph 15

16. Defendants deny the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19.

20. Defendants deny the allegations in paragraph 20

21. Defendants admit the allegations in paragraph 21.

22. Defendants admit the allegations in paragraph 22; provided, however, that the appraisal that Plaintiff references was actually a comparative market analysis.

23. Defendants deny the allegations in paragraph 23; although they have since learned that Victor Orsinger procured this information during after his engagement.

24. Defendants admit the allegations in paragraph24.

25. Defendants admit the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants admit the allegations in paragraph 27 and state further that Blum had expressed an interest earlier in his initial conversation with Deborah.

28. Defendants admit the allegations in paragraph 28.

29. As for the allegations in paragraph 29, Defendants admit only that Orsinger suggested the Salomons could be flexible as to the closing date. Defendants deny all other allegations contained therein.

30. Defendants deny the allegations in paragraph 30.

31. Defendants admit the allegations in paragraph 31.

32. Defendants admit that the Salomons signed the Agreement on either October 3, 2005, as alleged in paragraph 32, or on October 4, 2005. In any event, they did indeed sign the Agreement.

33. Defendants admit the allegations in paragraph 33

34. Defendants admit the allegations in paragraph 34 but state further that the Agreement itself was fully integrated and contained all terms necessary to close.

35. As for the allegations in paragraph 35, the Agreement actually says that the closing will take place "on or before December 30, 2005;" therefore, the allegations in paragraph 35 are not precisely correct.

36. As for the allegations in paragraph 36, it appears that counsel for Blum may have posted the deposit on or about October 11, 2005, as alleged. The deposit was actually received on or about October 14, 2005.

37. Defendants admit the allegations in paragraph 37.

38. As for the allegations in paragraph 38, the Defendants have seen an appraisal for $450,000.00 as alleged in paragraph 38. Defendants do not know the circumstances concerning its generation.

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

43. Defendants admit the allegations in paragraph 43.

44. Defendants admit the allegations in paragraph 44.

45. Defendants admit the allegations in paragraph 45.

46. Defendants admit the allegations in paragraph 46.

47. Defendants admit the allegations in paragraph 47.

48. Defendants admit the allegations in paragraph 48.

49. Defendants admit the allegations on paragraph 49 and state further that that was, after all, what Plaintiff had agreed to pay.

50. Defendants admit the allegations in paragraph 50.

51. Defendants admit the allegations in paragraph 51.

52. Defendants incorporate preceding paragraphs of this Answer in response to the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54.

55. Defendants admit the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56.

57. Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

59. Defendants deny the allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

61. Defendants deny the allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

63. Defendants deny the allegations in paragraph 63.

64. Defendants incorporate preceding paragraphs of this Answer in response to the allegations in paragraph 64.

65. Defendants admit that the Salomons had a pecuniary interest in the sale of the property as alleged in paragraph 65, but deny any such allegations as to David.

66. Defendants deny the allegations in paragraph 66.

67. Defendants deny the allegations in paragraph 67.

68. Defendants admit the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69.

70. Defendants deny the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

73. Defendants deny the allegations in paragraph 73.

74. Defendants deny the allegations in paragraph 74.

75. Defendants incorporate preceding paragraphs of this Answer in response to the allegations in paragraph 75.

76. As to the allegations in paragraph 76, Defendants deny that there is any such clause in the contract itself but admit that case law indicates that every contract is be deemed to include an obligation to deal in good faith.

77. Defendants deny the allegations in paragraph 77.

78. Defendants admit the allegations in paragraph 78.

79. Defendants deny the allegations in paragraph 79.

**First Affirmative Defense**

80. To the extent that Plaintiff seeks to reform the Agreement (and there are no such counts to this effect only a claim for reformation within the prayers for relief), such claims are barred by the statute of frauds (R.I.G.L.§ 9-1-4) for want of a writing.

**Second Affirmative Defense**

81. A breach of good faith and fair dealing does not give rise to an independent cause of action.

**Third Affirmative Defense**

81. Plaintiff's suit is ultimately grounded in breach of contract and, as such, he is not entitled to punitive damages. F

**Fourth Affirmative Defense**

82. Plaintiff has not made sufficient allegations to support an award of punitive damages under any circumstance.

Wherefore, Defendants pray that this Honorable Court dismiss Plaintiff's Complaint and award to them costs together with a reasonable attorney's fee, pursuant to either statute or common law.

Defendants,
By their Attorney,

/s/Barry J. Kusinitz

Barry J. Kusinitz, Esq. (#1404)
155 South Main Street, Suite 405
Providence, RI 02903
Tel: 401.831.4200
Fax: 401.831.7053
E-Mail: bkusinitz@bdglawyers.com

DATED: March 29, 2007

**Certificate of Service**

I hereby certify that on the 29th day of March, 2007, a true and accurate copy of the above was filed electronically with the Court and a result the following will be noticed electronically at the time of filing: Richard Ratcliffe, Esq., 1600 Financial Plaza, Providence, RI 02903 and Joseph F. Penza, Esq., Olenn & Penza, LLP, 530 Greenwich Avenue, Warwick, RI 02886.

/s/ Barry J. Kusinitz